KRISTEN J. NESBIT, SBN 242426
E-Mail  knesbit@fisherphillips.com
AYMARA LEDEZMA, SBN 306017
E-Mail  aledezma@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
LANDMARK WORLDWIDE LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA, EDWARD J. SCHWARTZ U.S. COURTHOUSE

| | |
|---|---|
| DONNA JACKSON,<br><br>            Plaintiff,<br><br>    v.<br><br>LANDMARK WORLDWIDE, LLC and DOES, 1-10, inclusive,<br><br>            Defendants. | Case No: **'18CV0659 CAB BGS**<br><br>*[Originally San Diego Superior Court Case No.: 37-2018-00009846-CU-OE-CTL]*<br><br>**DEFENDANT LANDMARK WORLDWIDE LLC'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, and 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Notice of Party with Financial Interest; and Declaration of Aymara Ledezma]*<br><br>Complaint Filed:   February 23, 2018<br>Trial Date:     None Set |

DEFENDANT LANDMARK WORLDWIDE LLC'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446

FPDOCS 33899614.1

**TO PLAINTIFF AND HER COUNSEL OF RECORD AND OT THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant LANDMARK WORLDWIDE LLC ("Defendant") through its counsel of record, submits this petition for removal of the action by Plaintiff DONNA JACKSON ("Plaintiff") from the Superior Court of the State of California, County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. 1331, 1441, 1446. The grounds for removal are as follows:

**I.  STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action because of the existence of a federal question. Specifically, Plaintiff has asserted a claim and seeks remedies under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et. seq.* *See* 28 U.S.C. §§ 1331, 1441(a) and (c).

**II.  VENUE**

2. This action was filed in the Superior Court of California for the County of San Diego. Thus, venue properly lies in the United States District Court for the Southern District of California. *See* 28 U.S.C. §§ 84(c), 1391, and 1441(a).

**III.  PLAINTIFF'S COMPLAINT**

3. This lawsuit arises out of Plaintiff's employment with Defendant Landmark Worldwide LLC. On February 23, 2018, Plaintiff Donna Jackson filed a Complaint in the Superior Court of California, County of San Diego, which was assigned Case No. 37-2018-00009846-CU-OE-CTL ("Complaint"). In the Complaint, Plaintiff alleges 12 causes of action for: 1) Disability Discrimination – Failure to Make Reasonable Accommodation (Medical Disability); 2) Disability Discrimination – Failure to Engage in the Interactive Process (Medical Disability); 3) Constructive Wrongful Termination in Violation of FEHA; 4) Constructive Wrongful Termination in Violation of Public Policy; 5) Mischaracterization as

1

DEFENDANT LANDMARK WORLDWIDE LLC'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446

FPDOCS 33899614.1

Exempt Employee; 6) Failure to Pay Compensation When Due; 7) Failure to Provide Premium Pay for Missed Meal Breaks; 8) Failure to Provide Premium Pay for Missed Rest Breaks; 9) Failure to Provide Accurate and Detailed Earning Statement; 10) Unjust Enrichment; 11) Unfair and Unlawful Business Practices; and 12) Negligent Infliction of Emotional Distress.

4. On March 1, 2018, Defendant was personally served at its corporate headquarters with the 1) Summons; 2) Complaint; 3) Civil Case Cover Sheet; 4) Notice of Case Assignment; and 5) Alternative Dispute Resolution Information Packet. Declaration of Aymara Ledezma ("Ledezma Decl.") at ¶ 3, **Exhibit A**.

5. Defendant filed an Answer to the Complaint on April 2, 2018. Ledezma Decl. at ¶ 4, **Exhibit B**.

6. As of the date of this Removal, no other pleadings have been served on Defendant in this action. Ledezma Decl. at ¶ 5.

7. Based on the foregoing, Defendant is informed and believes that the documents provided in Exhibit A and B hereto constitute the entire state court file in this matter.

## IV.   TIMELINESS OF REMOVAL

8. This Notice of Removal has been filed within thirty (30) days of service of Defendant and therefore the requirement of 28 U.S.C. § 1446(b) requiring removal within 30 days of service of the Defendant has been satisfied. In addition, this Notice of Removal has been filed within one year of commencement of the action in state court as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

## V.   FEDERAL QUESTION JURISDICTION

9. This action is a civil action which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. 1441(a) because Plaintiff has alleged a violation of the Fair Labor Standards Act ("FLSA") and seeks relief under the FLSA.

Specifically, in Plaintiff's Fifth Cause of Action for "Mischaracterization as Exempt Employee" she alleges that Defendant is subject to the requirements of the FLSA." *See* Complaint at ¶¶ 80, 82. Plaintiff further alleges that Defendant "willfully violated the FLSA. . .by intentionally, knowingly and improperly classifying Plaintiff as exempt from the FLSA. . ." *See* Complaint at ¶ 83. Accordingly, from the face of the Complaint it is evidence that Plaintiff is asserting that Defendant violated a federal law (the FLSA). Plaintiff also seeks unpaid minimum wages, unpaid overtime compensation, liquidated damages and attorneys' fees and costs, amongst other things, for Defendant's alleged violations of FLSA. *See* Complaint at ¶ 84.

10. Plaintiff's tenth cause of action for "Unjust Enrichment" is based, in part, on Plaintiff's contention that Plaintiff was "an exempt employee as described by the FLSA…" *See* Complaint at ¶ 102. In her tenth cause of action, Plaintiff seeks damages based on the allegation that her status was mischaracterized as exempt under FLSA and Defendant received unjust enrichment because of this alleged mischaracterization as exempt under the FLSA. *See* Complaint at ¶¶103-104.

11. Pursuant to 29 U.S.C. § 216(b) a claim for a violation of FLSA or a request for remedies under the FLSA can be asserted in either state or federal court. However, as explained by the United States Supreme Court in *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693 (2003), if the action is brought in state court, the defendant has the right to remove to federal court on the grounds that federal question jurisdiction exists. The federal court must then retain jurisdiction and refuse to remand the case back to state court. *Id.* In *Breuer*, the United States Supreme Court explicitly rejected an employee's argument that because 29 U.S.C. § 216(b) authorized parties to file FLSA claims in state and federal court, if filed in state court, the FLSA claims are not subject to removal. *Id.* Therefore, removal is proper here.

3

DEFENDANT LANDMARK WORLDWIDE LLC'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446

FPDOCS 33899614.1

## VI. NOTICE TO THE COURT AND PARTIES

12. Promptly upon filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will promptly be served upon Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of San Diego, California.

Dated: April 2, 2018

Respectfully submitted,

FISHER & PHILLIPS LLP

By: *s/Aymara Ledezma*
KRISTEN J. NESBIT
AYMARA LEDEZMA
Attorneys for Defendant
LANDMARK WORLDWIDE LLC

4
DEFENDANT LANDMARK WORLDWIDE LLC'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446

FPDOCS 33899614.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On April 2, 2018, I served the foregoing document entitled **DEFENDANT LANDMARK WORLDWIDE LLC'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, and 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Patricia M. Bakst
Law Office of Patricia M. Bakst
11301 W. Olympic Blvd. Suite 467
Los Angeles, CA 90064

Attorney For Plaintiff
Raquel Montes

Tel: 310.488.0924
trish.bakst@gmail.com

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed April 2, 2018, at Los Angeles, California.

Liliana Sandoval
Print Name

By: _____
Signature

09628.3637