EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="float:right; border:1px solid;">
FOR COURT USE ONLY<br>
*(SOLO PARA USO DE LA CORTE)*
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Landmark Worldwide, LLC  and Does 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Donna Jackson

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/23/2018** at 05:48:22 PM

Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court, Central Cths

CASE NUMBER:
*(Número del Caso):* 37-2018-00009846-CU-OE-CTL

330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patricia Bakst, Esq., Law Office of Patricia M. Bakst 11301 W. Olympic Blvd., Suite 467, LA, CA 90064

DATE: **02/27/2018**
*(Fecha)*

Clerk, by        *V Contreras*            , Deputy
*(Secretario)*    V. Contreras            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Landmark Worldwide, LLC

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☑ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 3/1/18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  PATRICIA M. BAKST (SBN 125866)
   LAW OFFICE OF PATRICIA M. BAKST
2  11301 W. Olympic Blvd, Suite 467
   Los Angeles, California 90064
3  Telephone: (310) 488-0924
   Email:  Trish.Bakst@gmail.com

4  Attorneys for Plaintiff, Donna Jackson

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/23/2018** at 05:46:22 PM

Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

5

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF SAN DIEGO

10                                        CASE NO: 37-2018-00009846-CU-OE-CTL

11  DONNA JACKSON,
                                          COMPLAINT FOR:
12          Plaintiff,                    1.  **DISABILITY DISCRIMINATION –
                                              FAILURE TO MAKE REASONABLE
13      vs.                                   ACCOMMODATION (MEDICAL
                                              DISABILITY);**
14  LANDMARK WORLDWIDE, LLC and         2.  **DISABILITY DISCRIMINATION –
    DOES 1-10, inclusive,                   FAILURE TO ENGAGE IN THE
15                                          INTERACTIVE PROCESS (MEDICAL
            Defendants.                     DISABILITY);**
16                                        3.  **CONSTRUCTIVE WRONGFUL
                                              TERMINATION IN VIOLATION OF
17                                            FEHA;**
                                          4.  **CONSTRUCTIVE WRONGFUL
18                                            TERMINATION IN VIOLATION OF
                                              PUBLIC POLICY;**
19                                        5.  **MISCHARACTERIZATION AS
                                              EXEMPT EMPLOYEE;**
20                                        6.  **FAILURE TO PAY COMPENSATION
                                              WHEN DUE;**
21                                        7.  **FAILURE TO PROVIDE PREMIUM PAY
                                              FOR MISSED MEAL BREAKS;**
22                                        8.  **FAILURE TO PROVIDE PREMIUM PAY
                                              FOR MISSED REST BREAKS;**
23                                        9.  **FAILURE TO PROVIDE ACCURATE
                                              AND DETAILED EARNING
24                                            STATEMENT;**
                                          10. **UNJUST ENRICHMENT;**
25                                        11. **UNFAIR AND UNLAWFUL BUSINESS
                                              PRACTICES;**
26                                        12. **NEGLIGENT INFLICTION OF
                                              EMOTIONAL DISTRESS**
27  Plaintiff complains and alleges as follows:

28          1.      At all times herein relevant, Plaintiff was a resident of the State of California,

1    County of San Diego.

2        2.    Plaintiff is informed and believes that defendant, Landmark ("Landmark") is a

3    corporation organized and existing under the laws of the State of California, authorized to do

4    business in California and doing business in the County of San Diego.  Plaintiff is informed and

5    believes that Landmark is an "employer" as defined by California Government Code, Sections

6    12926(d), 12940(a) and 12940(j)(4)(A).

7        3.    The true names and capacities of the defendants named herein as Does 1 through

8    10, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiff who

9    therefore sues such defendants by fictitious names pursuant to California Code Civil Procedure

10   Section 474.  Plaintiff is informed and believes that all of the Doe defendants are California

11   residents.  Plaintiff will amend this Complaint to show such true names and capacities when they

12   have been determined.

13       4.    Plaintiff is informed and believes, and thereby alleges that each of the defendants

14   herein was at all times relevant hereto the agent, employee or representative of the remaining

15   defendants and was acting at least in part, within the course and scope of such relationship in

16   doing the things herein alleged.

17       5.    FEHA recognizes that business entities that are joint employers, integrated

18   enterprises or alter egos are considered as a single employer.  Defendants make up a joint

19   employment relationship, an integrated enterprise and/or are alter egos such that they are a single

20   employer.  Defendants exhibit an interrelation of operations, centralized control, common

21   management, and common financial control such that they are a joint employer, integrated

22   enterprise and/or are alter egos.  Therefore, Plaintiff is informed and believes, and thereby alleges

23   that each of the defendants was acting as a single or joint employer, and/or alter ego capacity such

24   that they are liable for the acts of their agents and/or employees.

25                                   **BACKGROUND**

26       6.    Plaintiff was hired by Landmark on or about July 17, 2013.  Her titles at the time

27   of hire were Finance Manager, Production Manager, Facilities Manager, Family Division

28   Manager and Seminar Manager.  At that time, Plaintiff was characterized as an exempt employee,

1    was paid a salary of approximately $31,900 per hour and was required to work a minimum of 62

2    hours per week.

3         7.      In September 2014, Plaintiff was promoted by Landmark to the position of

4    Registration Manager.

5         8.      During her tenure, Plaintiff's salary was increased, first to 32,900, then to $43,500

6    and then to approximately $50,000.  Plaintiff was required to report her vacation and sick time.

7         9.      At all times throughout Plaintiff's employment, Landmark characterized and

8    reported Plaintiff as an exempt employee pursuant to Industrial Welfare Commission

9    order No. 15-2001 and Labor Code, Section 515 et seq.

10        10.     Throughout her employment, Plaintiff worked a minimum of 62 hours per week.

11   She was required to submit a log of the hours she took for vacation and sick leave.

12        11.     Despite her various job titles, Plaintiff was not involved in the administration or

13   management of the company; she had no managerial, supervisory or directorial duties over any of

14   Landmark's employees and had no input concerning the job status of any of Landmark's

15   employees.

16        12.     Although Plaintiff was a non-exempt employee and, by law, should have been paid

17   as such, Landmark did not pay her any overtime wages for her work.

18        13.     Landmark intentionally classified Plaintiff as an "exempt" employee so that it

19   could pay her a salary instead of having to pay her hourly wages, including overtime wages.

20        14.     Throughout her employment with Landmark, Landmark gave Plaintiff excellent

21   performance reviews, praise, and commendations in recognition of her good performance.

22        15.     In or about May 2015, a man named Josh Palmer ("Palmer") began assisting at

23   Landmark.  Palmer's behavior was offensive, unprofessional and inappropriate towards Plaintiff

24   and other female employees and volunteers at Landmark.  Plaintiff later discovered that Palmer

25   had a criminal record about which he lied on the Landmark questionnaire.  On the occasions

26   when Plaintiff communicated her discomfort with Palmer to her supervisor, Tom Perkowitz

27   ("Perkowitz"), Perkowitz responded by calling Plaintiff names, such as "Drama Donna" and

28   "bitch."

16.     For months, Plaintiff advised Landmark's management of her stress and anxiety about working with Palmer, but Landmark ignored her pleas and continued to ridicule, harass and call her names, in front of other employees.

17.     On or about September 18, 2015, Palmer was removed as a volunteer at Landmark.  Instead of leaving the premises, Palmer approached Plaintiff to ask why Landmark was making him leave and then paced in front of the Landmark building for approximately 2 hours.  Landmark did nothing to protect Plaintiff, despite her communications of fear and stress about the situation.

18.     Plaintiff's emotional health was immediately and severely affected by Palmer's behavior, Landmark's failure to take action to protect her and Landmark's continued harassment and derogatory treatment.  Although Plaintiff continued to perform her job duties, her performance suffered as a result of the extreme stress and anxiety she experienced from working at Landmark.

19.     Although Plaintiff communicated her fears, worries and need for a reduction in hours to recover from her stress and anxiety, Landmark refused to accommodate her.  Instead, Landmark's employees continued to harass her, telling her to "do [her] fucking job" and calling her a "nasty bitch."

20.     On or about April 8, 2016, Plaintiff was advised that Palmer had killed a woman.

21.     Plaintiff's anxiety, stress, and fear continued to escalate and her job performance continued to decline.  Perkowitz continued to embarrass and humiliate Plaintiff in front of other employees and volunteers.

22.     On or about April 22, 2016, Plaintiff expressed upset and anger about her treatment by Perkowitz, and asked to speak with Dan Rose ("Rose"), the Division Director for Landmark's San Diego center or anyone else.  In response, Plaintiff was reprimanded by Perkowitz and told her she should "just fucking go home."

23.     On or about April 25, 2016, Plaintiff sent an email to Perkowitz, again requesting a meeting with Rose.

24.     On or about April 28, 2016, Plaintiff had a telephonic meeting with Rose, Melanie

1    Riley, Landmark's Director of Human Resources, and Jayanti Chapot, also a member of

2    Landmark's Human Resources department.  During this telephone conference, Plaintiff explained

3    her fear and stress and requested that Landmark accommodate her, per her doctor's

4    recommendations, by authorizing a temporary reduction in hours until she could regain her

5    emotional health.  At this time, Plaintiff was regularly working 70-75 hours per week.

6        25.    Plaintiff's request for an accommodation in the form of a reduction in hours was

7    denied by Landmark; Instead, Plaintiff was advised to go on total disability leave of absence with

8    no guarantee that she could return to her job upon her return.  In effect, Plaintiff was given no

9    choice but to continue working without any accommodation for her medical condition.

10       26.    Between April 28 and July 22, 2016, Plaintiff consulted with a medical doctor and

11   a naturopathic doctor while continuing to perform her job duties under stress and duress, and

12   while continuing to work Landmark's requisite 62 hours per week.  Plaintiff's doctors advised her

13   to reduce her hours from 62 hours per week to 45 hours per week.  Again, Landmark ignored

14   Plaintiff's requests for medical accommodation and was also told that she would be terminated if

15   she worked less than 62 hours per week and/or if her job performance continued to suffer.

16       27.    Plaintiff continued to report her medical condition to Landmark and provided

17   Landmark with supporting medical paperwork from her doctor(s).

18       28.    On various occasions, Perkowitz and/or Rose "coached" Plaintiff not to date, not

19   to get pregnant and not to have a baby, upon threat of negative job performance and possible

20   termination.  Perkowitz also commented to Plaintiff that she needed to lose weight and that

21   certain articles of clothing did not look good on her.

22       29.    On or about July 2, 2016, Plaintiff was advised that a client of Landmark had

23   committed suicide.  Despite Plaintiff's requests for professional trauma counseling, Landmark

24   failed and refused to provide such counseling and instead insisted that Plaintiff and other affected

25   Landmark employees counsel each other.

26       30.    In response to the notice of the client's suicide and lack of trauma counseling,

27   Plaintiff's emotional health deteriorated to the point where she was unable to perform her job

28   duties.  Specifically, Plaintiff was subject to frequent bouts of crying, hyperventilation,

1    sleeplessness, weight gain and panic attacks.

2        31.    Plaintiff advised Landmark of her stress and anxiety, and that she had been

3    diagnosed with Post Traumatic Stress Disorder ("PTSD").

4        32.    Despite the suicide of a Landmark client, and despite Plaintiff's requests for

5    medical accommodation, Landmark refused to accommodate Plaintiff and instead demanded that

6    she continue to perform her job duties, without any accommodation or support.  Plaintiff was told

7    her only option was to take an unpaid leave of absence.  In effect, Landmark ignored Plaintiff's

8    complaints, concerns and requests for accommodation, thereby constructively terminating her

9    position.

10       33.    On or about July 25, 2016, Plaintiff was put on medical leave.  Plaintiff's medical

11   leave was extended several times.

12       34.    On March 22, 2017, Landmark's Human Resource Manager, Melanie Riley,

13   recommended that Plaintiff terminate her employment.

14       35.    Between March 2017 and June 2017, while still on medical leave, Plaintiff spoke

15   frequently with Ms. Riley during which times Plaintiff shared her complaints and concerns.  Ms.

16   Riley was not responsive to Plaintiff's needs or requests and did nothing to accommodate her.

17       36.    On or about June 20, 2017, at the behest of her doctor, and because Landmark

18   refused to accommodate her medical condition, Plaintiff was forced to terminate her employment

19   at Landmark.

20       37.    Plaintiff's constructive termination was based upon Landmark desire to avoid

21   having to provide Plaintiff with medical leave and reasonable accommodations as required by

22   California law.

23       38.    Plaintiff's termination violated California public policy as expressed in California

24   Health and Safety Code §1278.5, Government Code §12940 (g) and Labor Code §1102.5.

25   ///

26   ///

27   ///

28

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION – FAILURE TO MAKE REASONABLE**

**ACCOMMODATION IN VIOLATION OF FEHA (GOVT. CODE, §12940(n))**

(Against All Defendants)

39.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 above and incorporates the same herein by reference as though set forth in full.

40.     At all times herein mentioned, there was an employer/employee relationship between Plaintiff and defendant.

41.     Plaintiff was at all times material hereto an employee covered by California Government Code §12940 et seq. which prohibits discrimination in employment on the basis of disabilities and which requires employers to "engage in a timely, good faith, interactive process" with Plaintiff to accommodate her physical disability.

42.     Defendant was at all times material hereto an employer within the meaning of the California Government Code and, as such, barred from discriminating on the basis of medical disabilities, as set forth in Govt. Code §12940.

43.     Plaintiff is an individual who had a medical disability at the time of her employment.

44.     Plaintiff requested defendant to provide a reasonable accommodation for her disability.

45.     Defendant was given notice of and knew of Plaintiff's disability.

46.     Defendant did not provide Plaintiff with a reasonable accommodation for her medical disability.

47.     As a proximate result of defendant's discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish, all to her damage in an amount according to proof.

48.     Defendant did the acts herein alleged maliciously, fraudulently and oppressively, amounting to despicable conduct and in conscious disregard of Plaintiff's rights.  The acts allege

7

COMPLAINT FOR WRONGFUL TERMINATION

1    herein were known to, authorized and ratified by defendant. Plaintiff is thus entitled to recover

2    punitive damages from defendants, and each of them, in an amount according to proof.

3        49.     As a result of defendant's discriminatory acts as alleged herein, Plaintiff is entitled

4    to reasonable attorneys' fees and costs of said suit as provided by California Government Code

5    section 12965(b).

6        50.     Plaintiff filed timely charges of discrimination with the DFEH and received a

7    Notice of Case Closure informing her of her right to sue. Therefore, Plaintiff has exhausted all of

8    her administrative remedies. (See Exhibit "A" hereto).

9                          **SECOND CAUSE OF ACTION**

10            **DISABILITY DISCRIMINATION – FAILURE TO**

11             **ENGAGE IN THE INTERACTIVE PROCESS IN**

12         **VIOLATION OF FEHA (GOVT. CODE, § 12940(n)**

13                  (Against All Defendants)

14        51.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

15    50, above and incorporates the same herein by reference as though set forth in full.

16        52.     Plaintiff was at all times material hereto an employee covered by California

17    Government Code §12940 et seq. which prohibits discrimination in employment on the basis of

18    disabilities

19        53.     Defendants were at all times material hereto an employer within the meaning of

20    the California Government Code and, as such, barred from discriminating on the basis of

21    disabilities as set forth in Govt. Code §12940.

22        54.     Plaintiff is an individual who had a medical disability at the time of her

23    employment.

24        55.     Plaintiff requested defendant to provide a reasonable accommodation for her

25    disability.

26        56.     Defendant knew of Plaintiff's disability because Plaintiff made her disability

27    known to defendant.

28        57.     Plaintiff in good faith requested that defendants engage in the interactive process

1    to determine an effective reasonable accommodation for her disability.

2        58.     As a proximate result of defendant's discrimination against Plaintiff, Plaintiff has

3    suffered and continues to suffer substantial losses in earnings and other employment benefits and

4    has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her

5    damage in an amount according to proof.

6        59.     Defendants did the acts herein alleged maliciously, fraudulently and oppressively,

7    amounting to despicable conduct and in conscious disregard of Plaintiff's rights.  The acts alleged

8    herein were known to, authorized and ratified by defendants.  Plaintiff is thus entitled to recover

9    punitive damages from defendants, and each of them, in an amount according to proof.

10       60.     As a result of defendant's discriminatory acts as alleged herein, Plaintiff is entitled

11   to reasonable attorneys' fees and costs of said suit as provided by California Government Code

12   section 12965, subsection (b).

13       61.     Plaintiff filed timely charges of discrimination with the DFEH and received a

14   Notice of Case Closure informing her of her right to sue.  Therefore, Plaintiff has exhausted all of

15   her administrative remedies.  (See Exhibit "A" hereto).

16                              **THIRD CAUSE OF ACTION**

17       **CONSTRUCTIVE WRONGFUL TERMINATION IN VIOLATION OF FEHA**

18                              (Against All Defendants)

19       62.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

20   61, above and incorporates the same herein by reference as though set forth in full.

21       63.     At all times during her employment with defendants, Plaintiff performed her duties

22   with the utmost diligence and competence.

23       64.     Plaintiff is informed and believes and thereon alleges that defendant's refusal to

24   reasonably accommodate Plaintiff's medical disability, and desire to cheat her out of her legally

25   earned wages created working conditions so intolerable that Plaintiff had no alternative but to

26   resign.

27       65.     Defendants' refusal to reasonably accommodate Plaintiff's medical disability, and

28   desire to cheat her out of her legally earned wages amounts to a constructive discharge and

1  termination of Plaintiff's employment in violation of Government Code § 12940 et seq. which

2  mandates that employees be free from harassment and discrimination in the workplace and that

3  employees who oppose such conduct be free from retaliation, intimidation and adverse

4  employment actions.

5      66.    Plaintiff has exhausted her administrative remedies by timely filing charges of

6  discrimination with the DFEH.  The DFEH has issued to Plaintiff right to sue letters permitting

7  her to file a private lawsuit against Defendants.  (Exhibit A hereto).

8      67.    As a direct and proximate result of the acts of defendants, Plaintiff suffered and

9  continues to suffer severe emotional distress as a result of defendant's discrimination, failure to

10  accommodate and desire to cheat her out of wages lawfully earned. Plaintiff seeks general

11  damages for her severe emotional distress and other consequential damages in an amount not less

12  than an amount within the jurisdiction of this court, the exact amount to be proven at trial.

13      68.    In addition, pursuant to Government Code Section 12965(b), Plaintiff is entitled to

14  her attorney's fees in prosecuting this lawsuit.

15      69.    Because the wrongful acts against Plaintiff were carried out, authorized or ratified

16  by defendants' directors, officers and/or managing agents, acting with malice, oppression or

17  fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to

18  Plaintiff, as reflected by the actions as described earlier in this Complaint, she seeks punitive

19  damages against defendants, in order to deter them from such and similar conduct in the future.

20  **FOURTH CAUSE OF ACTION**

21  **CONSTRUCTIVE WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

22  (Against All Defendants)

23      70.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

24  69, above and incorporates the same herein by reference as though set forth in full.

25      71.    At all times during her employment with defendants, Plaintiff performed her

26  duties with the utmost diligence and competence.

27      72.    Plaintiff is informed and believes and thereon alleges that defendant's refusal to

28  reasonably accommodate Plaintiff's medical disability, and desire to cheat her out of her legally

1   earned wages created working conditions so intolerable that Plaintiff had no alternative but to
2   resign.

3          73.    Defendants' refusal to reasonably accommodate Plaintiff's medical disability, and
4   desire to cheat her out of her legally earned wages amounts to a constructive discharge and
5   termination of Plaintiff's employment in violation of Government Code § 12940 et seq. which
6   mandates that employees be free from harassment and discrimination in the workplace and that
7   employees who oppose such conduct be free from retaliation, intimidation and adverse
8   employment actions.

9          74.    Defendants' refusal to accommodate Plaintiff's medical disability and desire to
10  cheat her out of her legally earned wages, as alleged hereinabove, violates the fundamental public
11  policies of the State of California, as set forth in Government Code § 12940 et seq., which
12  mandates that employees be free from harassment and discrimination in the workplace and that
13  employees who oppose such conduct be free from retaliation, intimidation and adverse
14  employment actions.

15         75.    Plaintiff has exhausted her administrative remedies by timely filing charges of
16  discrimination with the DFEH. The DFEH has issued to Plaintiff right to sue letters permitting
17  her to file a private lawsuit against Defendants.  (Exhibit A hereto).

18         76.    As a direct and proximate result of the acts of defendants, Plaintiff suffered and
19  continues to suffer severe emotional distress stemming from the harassment, discrimination, and
20  retaliation. Plaintiff seeks general damages for her severe emotional distress and other
21  consequential damages in an amount not less than an amount within the jurisdiction of this court,
22  the exact amount to be proven at trial.

23         77.    In addition, pursuant to Government Code Section 12965(b), Plaintiff is entitled to
24  her attorney's fees in prosecuting this lawsuit.

25         78.    Because the wrongful acts against Plaintiff were carried out, authorized or ratified
26  by defendants' directors, officers and/or managing agents, acting with malice, oppression or
27  fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to
28  Plaintiff, as reflected by the actions as described earlier in this Complaint, she seeks punitive

11
COMPLAINT FOR WRONGFUL TERMINATION

1  damages against defendants, in order to deter them from such and similar conduct in the future.

2  **FIFTH CAUSE OF ACTION**

3  **MISCHARACTERIZATION AS EXEMPT EMPLOYEE**

4  (Against All Defendants)

5  79.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

6  78, above and incorporates the same herein by reference as though set forth in full.

7  80.    The 29 U.S.C. Section 205 et seq. (the Fair Labors Standard Act ("FLSA")" and

8  California Labor Code, Sections 510, 515 and 1194 establish minimum wage, overtime pay, and

9  recordkeeping standards for employers of covered, non-exempt employees.   Pursuant to the

10  FLSA, and Labor Code, Sections 510, 515 and 1194, employers in California are required to pay

11  non-exempt employees a minimum wage for each hour they work, plus overtime pay at the rate of

12  one and one half times their regular pay for hours worked in excess of 40 hours and double-time

13  pay for hours worked in excess of 12 in a workday or worked in excess of 8 hours on the seventh

14  consecutive day worked in any workweek.

15  81.    Employers who willfully or repeatedly violate the minimum wage or overtime pay

16  requirements are subject to civil money penalties of up to $1,100 per violation.

17  82.    Defendant is subject to the requirements of the FLSA and Labor Code, Sections

18  510, 515 and 1194.

19  83.    Defendant willfully violated the FLSA and Labor Code, Sections 510, 515 and

20  1194 by intentionally, knowingly and improperly classifying Plaintiff as exempt from the FLSA,

21  creating false and deceptive time records, all with the intention and purpose of depriving Plaintiff

22  of due compensation earned for the excessive hours she was required to work for Defendant.

23  84.    Defendant's violation of the FLSA and Labor Code, Sections 510, 515 and 1194

24  render it liable to Plaintiff for all unpaid minimum wages, unpaid overtime compensation,

25  liquidated damages, attorneys' fees and costs, and any further legal and equitable relief as may be

26  appropriate to effectuate the purposes of the FLSA and Labor Code, Sections 510, 515 and 1194.

27  **SIXTH CAUSE OF ACTION**

28  **FAILURE TO PAY COMPENSATION DUE**

**IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194**

(Against All Defendants)

85.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 84, above and incorporates the same herein by reference as though set forth in full.

86.     Plaintiff was entitled to be paid for all hours worked, including, but not limited to, regular pay and overtime pay, at either one and one half (1 ½) times her regular rate of pay or two (2) times her regular rate of pay as required by Labor Code §510 and the applicable wage order(s) of the Industrial Welfare Commission.

87.     Plaintiff was not an exempt employee as described by the requirements in the Employment Laws and Regulations.

88.     Defendant failed to pay Plaintiff all regular pay and overtime compensation to which she was entitled.

89.     Plaintiff is entitled to recover from Defendants all of such unpaid regular pay and overtime compensation and premium pay, with pre-judgment interest, and reasonable attorneys' fees, and costs of suit pursuant to Labor Code §1194.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE PREMIUM PAY FOR MISSED MEAL BREAKS**

**VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512**

(Against All Defendants)

90.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 89, above and incorporates the same herein by reference as though set forth in full.

81.     Plaintiff was entitled to a statutorily mandated meal break of thirty (30) minutes, uninterrupted, for every five (5) hours worked pursuant to Labor Code §512 (a) and the applicable wage order(s) of the Industrial Commission.

82.     Plaintiff was not an exempt employee as described in the requirements of the Employment Laws and Regulations.

83.     On each day of Plaintiff's employment with Defendants, Defendants failed to provide her with statutorily mandated meal breaks to which she was entitled.

84.     Plaintiff is entitled to recover from Defendants one (1) hour pay at the regular rate for each required meal break not provided by Defendants on each of the above noted days that Plaintiff was actively employed by the Defendants, together with pre-judgment interest and reasonable attorneys' fees and costs of suit pursuant to Labor Code §218.5.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PROVIDE PREMIUM PAY FOR ALL MISSED REST BREAKS
### VIOLATION OF LABOR CODE §226.7 AND WAGE ORDER LAWS

(Against All Defendants)

85.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 84, above and incorporates the same herein by reference as though set forth in full.

86.     During each day Plaintiff was actively employed by Defendant, Plaintiff was entitled to a statutorily mandated rest break of ten (10) minutes for each four (4) hours worked pursuant to the applicable wage order(s) of the Industrial Welfare Commission.

87.     Plaintiff was not an exempt employee as described in the requirements of the Employment Laws and Regulations.

88.     On each day of Plaintiff's employment with Defendants, Defendants failed to provide premium pay for all the missed rest breaks to which Plaintiff was entitled.

89.     Plaintiff is entitled to recover from Defendants one (1) hour pay at the regular rate for each required paid rest break not provided by Defendants on days when Plaintiff was actively employed by Defendants, together with prejudgment interest, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §218.5

### NINTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE EARNINGS STATEMENT
### IN VIOLATION OF LABOR CODE §226

(Against All Defendants)

90.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 89, above and incorporates the same herein by reference as though set forth in full.

91.     Plaintiff was not an exempt employee as described in the requirements of California's employment laws and regulations.

92.     During Plaintiff's employment with Defendants, Defendants failed to provide Plaintiff with accurate wage and hour statements showing her gross wages earned, the correct number of hours worked, her net wages earned, all applicable hour rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by the Plaintiff.

93.     Specifically, Defendant misstated the number of hours worked by Plaintiff, stating that she had worked only 60 hours in a two week period, when in fact she had worked in excess of 120 hours in such two week periods.

94.     By mischaracterizing Plaintiff as an exempt employee and by failing to provide her with an accurate statement of her wages and hours, Defendant misled Plaintiff to believe that she could be paid as an exempt, salaried employee instead of a covered, hourly employee, and further misled her as to her correct hourly wages, the number of hours she worked and the amount of pay to which she was entitled to receive.

95.     Based on Defendants' conduct, Defendants are liable for damages and statutory penalties pursuant to California Labor Code §226(e), and other applicable provisions of the Employment Laws and Regulations.

96.     Failure to provide proper itemized statements resulted in injury to Plaintiff because Plaintiff was not properly paid for overtime work to which he was entitled, and Plaintiff has suffered increased difficulty in challenging the overtime rate and the amount not paid by the Defendant.

97.     Failure to provide itemized statements also resulted in damages in the form of lost Social Security and a miscalculation of Plaintiff's taxes.

98.     In committing the foregoing acts, Defendant is guilty of oppression, fraud or malice, and, in addition to the actual damages caused, Plaintiff is entitled to recover punitive damages.

99.     Pursuant to Labor Code §226(e), Plaintiff is entitled to recover the greater of all actual damages or $50.00 for the initial pay period in which the violation occurred and $100.00

1   for each violation in a subsequent pay period, not exceeding an aggregate penalty of $ $5,800,,

2   and is entitled to an award of costs and reasonable attorneys' fees.

3   ///

4   ///

5   ///

6   ## TENTH CAUSE OF ACTION

7   ### UNJUST ENRICHMENT

8   (Against All Defendants)

9   100.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

10   99, above and incorporates the same herein by reference as though set forth in full.

11   101.   Between September 2013 and June 30, 2017, Plaintiff worked for Defendant by

12   providing her time, hours, services, skills, labor, and effort to Defendant.

13   102.   At no time during her employment with Defendant was Plaintiff an exempt

14   employee as described by the FLSA or the requirements of California's employment laws and

15   regulations.

16   103.   By mischaracterizing Plaintiff's status as an exempt employee, Defendant

17   intentionally failed to pay Plaintiff for all of her time at the legal minimum rate, as well as her

18   overtime rate, which wages were earned and due to her.  As a result, Defendant has been

19   unjustly enriched at Plaintiff's expense and has benefited by being able to run its business

20   without having to pay for all services provided to it by Plaintiff.

21   104.   As a direct result of Defendants' unjust enrichment, Plaintiff has suffered

22   damages in an amount to be proven at trial but believed to be in excess of $100,000.

23   ## ELEVENTH CAUSE OF ACTION

24   ### VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.

25   (Against All Defendants)

26   105.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

27   104, above and incorporates the same herein by reference as though set forth in full.

28   106.   Defendants' acts and omissions as described herein violate California Labor Code

16

§§204, 226.7, 510, 512, and 2810.5 which mandate that every employer pay the minimum wage, pay for overtime wages, and provide premium pay for missed meal and rest breaks in a timely fashion where appropriate.

107.    Plaintiff brings this action under the provisions of the Business & Professions Code §17200 et seq.  Among the persons adversely affected by the unfair business practices of Defendants as alleged herein are all Defendants' employees who did not receive the lawful wages or premium pay to which they were entitled, as well as those who were not furnished with employment records.

108.    An action pursuant to Business & Professions Code §17200 et seq. is appropriate and necessary because Defendants did not pay their employees timely earned wages, overtime wages, or provide meal or rest periods as a general business practice contrary to the law of the State of California.

109.    Business and Professions §17200 et seq. defines unfair competition to include any "unfair," "unlawful," or "deceptive" business practice.  It provides for injunctive and restitutionary relief for violations.  Defendants' knowing and repeated violations of the Federal and State labor laws constitute unfair, unlawful, and deceptive business practices.

110.    As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff has been damaged in the amount of the sum of all unpaid wages, unpaid overtime wages, and premium wages equal to (1) hour for each day she missed meal or rest periods to which he was entitled.  Under the §§ 17200 and 17203, Plaintiff is entitled to restitution of all such wages wrongfully withheld by Defendants, together with interest thereon.

111.    Under Business & Professions Code §17203, Plaintiff seeks, on her own behalf and on behalf of the People of the State of California, an order enjoining Defendant from continuing its aforesaid unlawful practices.  Injunctive relief is appropriate to avoid a multiplicity of suits for continuing violations of Business & Professions Code §17200 et seq.

### TWELFTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

112.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 111, above and incorporates the same herein by reference as though set forth in full.

113.    The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was negligent and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.  Defendants' conduct, in confirming and ratifying the complained of conduct, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase and was done with a wanton and reckless disregard of the consequences to Plaintiff.

114.    As a proximate result of defendants negligent infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health.  As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

115.    Defendants, and each of them, having engaged in the conduct hereinabove alleged, acted oppressively and with reckless disregard of Plaintiff's rights and safety.

116.    In addition, defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

## DAMAGES

117.    As a legal result of defendants' conduct of which Plaintiff complains, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employee benefits.  Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

118.    Plaintiff has suffered emotional distress as a legal result of the conduct by defendants of which Plaintiff complains.  Plaintiff suffered mental distress, suffering and anguish as a legal result of defendants' outrageous conduct, reacting to her discharge with humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and

1    enduring. Plaintiff will seek leave to amend this complaint to state the amount or will proceed

2    according to proof at trial.

3        130.   At all material times, defendants, and each of them, knew that Plaintiff depended

4    on her wages and other employee benefits as a source of earned income. At all material times,

5    defendants were in a position of power over Plaintiff, with the potential to abuse that power.

6    Plaintiff was in a vulnerable position because of her relative lack of power, because of her

7    reliance on defendants' assurances and forbearance of the possibility of becoming employed

8    elsewhere, because she had placed her trust in defendants, because she depended on her

9    employment for her self esteem and sense of belonging, because she relied upon her employment

10   as a source of income for her support, because a wrongful termination of Plaintiff's employment

11   would likely harm Plaintiff's ability to find other employment, and because of the great disparity

12   in bargaining power between Plaintiff and her employer.  Defendants were aware of Plaintiff's

13   vulnerability and the reasons for it.

14       131.   Notwithstanding such knowledge, defendants, and each of them, acted

15   oppressively, and in disregard of Plaintiff's rights, and with the intention of causing or in reckless

16   disregard of the probability of causing injury and emotional distress to Plaintiff.

17       132.   Further, defendants were informed of the oppressive, fraudulent and malicious

18   conduct of their employees, agents and subordinates, and ratified, approved, and authorized that

19   conduct.

20       133.   The foregoing conduct of defendants, and each of them, was intentional, willful

21   and malicious and Plaintiff is entitled to punitive damages in an amount to conform to proof.

22                          **PRAYER FOR RELIEF**

23   WHEREFORE, Plaintiff prays for judgment against defendants as follows:

24       1.     For compensatory economic damages for regular time wages, overtime wages,

25   meal period wages, rest period wages, retirement benefits and other employee benefits, and all

26   other sums of money, together with interest on these amounts, according to proof;

27       2.     Restitution of all unpaid wages and other monies owed and belonging to Plaintiff

28   that Defendant unlawfully withheld from her and retained for itself;

1     3.     Liquidated damages and all other applicable statutory penalties;

2     4.     Unpaid continuation wages owed for failing to timely pay all wages earned in an

3  amount to be proven at trial or through default;

4     5.     Civil Penalties as set forth herein or in an amount to be proven at trial or through

5  default;

6     6.     For compensatory non-economic damages for losses resulting from humiliation,

7  mental anguish and emotional distress, according to proof;

8     7.     For an award of punitive damages, according to proof;

9     8.     For attorneys' fees and costs pursuant to statute;

10     9.     For costs of suit;

11     10.     For prejudgment interest under Civil Code § 3288 and Code of Civil Procedure §

12  998, and any other applicable statutory, or contractual basis;

13     11.     For post-judgment interest;

14     12.     An Order enjoining Defendants from continuing its unlawful practices; and,

15     13.     For any other relief that is just and proper.

16

17  DATED: February 23, 2018        LAW OFFICE OF PATRICIA M. BAKST

18

19

20                              *Trish Bakst*

                  By:_____

21                      Patricia M. Bakst, Esq., Attorney for

22                      Plaintiff, Donna Jackson

23

24

25

26

27

28

EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

February 9, 2018

Patricia Bakst
11301 West Olympic Blvd., Suite 467
Los Angeles, California 90064

RE:   **Notice to Complainant's Attorney**
DFEH Matter Number: 201802-01151409
Right to Sue: Jackson / Landmark Worldwide

Dear Patricia Bakst:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                  GOVERNOR EDMUND G. BROWN JR.
                                                                                                      DIRECTOR KEVIN KISH

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

February 9, 2018

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 201802-01151409
      Right to Sue: Jackson / Landmark Worldwide

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

February 9, 2018

Donna Jackson
3667 Cactusridge Court
san diego, California 92105

RE:  **Notice of Case Closure and Right to Sue**
     DFEH Matter Number: 201802-01151409
     Right to Sue: Jackson / Landmark Worldwide

Dear Donna Jackson,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
February 9, 2018 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Donna Jackson                                      DFEH No. 201802-01151409

                              Complainant,

vs.

Landmark Worldwide
7340 Miramar Road suite 207
san diego, California 92126

                              Respondent.

---

1. Respondent **Landmark Worldwide**  is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Donna Jackson**, resides in the City of **san diego** State of **California.**

3. Complainant alleges that on or about **June 20, 2017**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) and as a result of the discrimination was terminated, forced to quit, denied reasonable accommodation for a disability.

**Additional Complaint Details:** Complainant was subject to medical disability discrimination and wage misclassification.

-1-
*Complaint – DFEH No. 201802-01151409*

Date Filed: February 9, 2018

VERIFICATION

I, , am the **Attorney** in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.   The matters alleged are based on information and belief, which I believe to be true.

On February 9, 2018, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-2-
*Complaint – DFEH No. 201802-01151409*

Date Filed: February 9, 2018

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Patricia M. Bakst, Esq. (SBN 125866)<br>Law Office of Patricia M. Bakst<br>11301 W. Olympic Blvd., Suite 467<br>Los Angeles, CA 90604 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 310-488-0924     FAX NO.: | |
| ATTORNEY FOR *(Name)*: Plaintiff, Donna Jackson | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego |
|---|
| STREET ADDRESS: 330 West Broadway |
| MAILING ADDRESS: San Diego, CA 92101 |
| CITY AND ZIP CODE: |
| BRANCH NAME: Central |

| CASE NAME:<br>Jackson v. Landmark Worldwide |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify)*: 12

5. This case ☐ is  ☐ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 18, 2018

Patricia M. Bakst
_____          ▶ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7072 |

| PLAINTIFF(S) / PETITIONER(S): Donna Jackson |
|---|

| DEFENDANT(S) / RESPONDENT(S): Landmark Worldwide LLC |
|---|

| JACKSON VS LANDMARK WORLDWIDE LLC [IMAGED] |
|---|

| **NOTICE OF CASE ASSIGNMENT** **and CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 37-2018-00009846-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge: Timothy Taylor                                       Department: C-72

## COMPLAINT/PETITION FILED: 02/23/2018

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/03/2018 | 09:15 am | C-72 | Timothy Taylor |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 West Broadway

MAILING ADDRESS: 330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME: Central

PLAINTIFF(S): Donna Jackson

DEFENDANT(S): Landmark Worldwide LLC

SHORT TITLE: JACKSON VS LANDMARK WORLDWIDE LLC [IMAGED]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2018-00009846-CU-OE-CTL |
|---|---|

Judge: Timothy Taylor                              Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)          ☐ Non-binding private arbitration

☐ Mediation (private)          ☐ Binding private arbitration

☐ Voluntary settlement conference (private)          ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)          ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____


Name of Plaintiff          Name of Defendant


Signature          Signature


Name of Plaintiff's Attorney          Name of Defendant's Attorney


Signature          Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 02/27/2018          JUDGE OF THE SUPERIOR COURT



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2018-00009846-CU-OE-CTL      CASE TITLE: Jackson vs Landmark Worldwide LLC [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

### Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

### Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.