UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA JACKSON,<br><br>         Plaintiff,<br><br>v.<br><br>LANDMARK WORLDWIDE, LLC,<br><br>         Defendant. | Case No.: 18-cv-659-CAB-BGS<br><br>**ORDER GRANTING LEAVE TO AMEND THE COMPLAINT AND DECLINING SUPPLEMENTAL JURISDICTION** |

  Defendant Landmark Worldwide, LLC, removed this lawsuit to this Court contending that the complaint asserts a claim under the Fair Labor Standards Act ("FLSA"), giving the Court original federal question jurisdiction. Even assuming that the fifth cause of action is a federal claim pursuant to the FLSA, the remaining eleven counts in the complaint are all brought under California state law. Further, the facts relevant to the sole FLSA claim are almost entirely unrelated to the state claims. Whether Defendant wrongfully characterized Plaintiff as exempt under the FLSA bears no relation to whether Defendant discriminated against Plaintiff, wrongfully discharged Plaintiff, or is liable for meal and rest period violations under California law. Moreover, the eleven state law claims substantially predominate over the FLSA claim in terms of proof, the scope of the issues raised, and the comprehensiveness of the remedy sought. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). "Put another way, if said state law claims remain

joined with the federal claim herein, the 'federal tail' will 'wag what is in substance a state dog.'" *Wong v. HSBC Mortg. Corp. (USA)*, No. C-07-2446 MMC, 2009 WL 151014, at *3 (N.D. Cal. Jan. 21, 2009) (citing *DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3rd Cir. 2003)). In light of the foregoing, the Court ordered Defendant to show cause why claims 1-4 and 6-12 should not be severed and remanded to state court. The Court gave Plaintiff the opportunity to respond as well.

In their responses, Defendant argued that the Court should exercise supplemental jurisdiction, while Plaintiff asked the Court to remand the entire matter to state court. Neither party's response persuaded the Court to deviate from its initial inclination to decline supplemental jurisdiction over the state law claims and to sever and remand them to state court. In particular, both parties' arguments concerning the duplicity of litigation ring hollow, considering that to avoid that result, Defendant could simply consent to remand of the entire lawsuit to state court, while Plaintiff could simply abandon any claims under the FLSA. Indeed, Plaintiff indicated in her response that she would file an amended complaint removing any reference to the FLSA to avoid severance of her claims and make it possible to remand the entire action to state court.

In light of the foregoing, it is hereby **ORDERED** that Plaintiff is permitted to file an amended complaint in this court on or before **April 18, 2018**. If the amended complaint does not state any claim arising under the FLSA or other federal law, the Court will remand the entire lawsuit to state court. If the amended complaint retains an FLSA claim or otherwise states a claim arising under federal law, or Plaintiff does not file an amended complaint, the Court will remand any state law claims that are unrelated to, or predominate over, the FLSA or federal claim.

It is **SO ORDERED**.

Dated: April 11, 2018

Hon. Cathy Ann Bencivengo
United States District Judge