1

PATRICIA M. BAKST (SBN 125866)
LAW OFFICE OF PATRICIA M. BAKST

2

11301 W. Olympic Blvd, Suite 467
Los Angeles, California 90064

3

Telephone: (310) 488-0924
Email:  Trish.Bakst@gmail.com

4

Attorneys for Plaintiff, Donna Jackson

5

6

7

8

UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

9

10

DONNA JACKSON,

11

Plaintiff,

12

vs.

13

LANDMARK WORLDWIDE, LLC and
DOES 1-10, inclusive,

14

15

Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO:   18-cv-659-CAB-BGS

(SAN DIEGO SUPERIOR COURT CASE NO:
37-2018-00009846-CU-OE-CTL)

**FIRST AMENDED COMPLAINT FOR:**
1.  **DISABILITY DISCRIMINATION –
    FAILURE TO MAKE REASONABLE
    ACCOMMODATION (MEDICAL
    DISABILITY);**
2.  **DISABILITY DISCRIMINATION –
    FAILURE TO ENGAGE IN THE
    INTERACTIVE PROCESS (MEDICAL
    DISABILITY);**
3.  **CONSTRUCTIVE WRONGFUL
    TERMINATION IN VIOLATION OF
    FEHA;**
4.  **CONSTRUCTIVE WRONGFUL
    TERMINATION IN VIOLATION OF
    PUBLIC POLICY;**
5.  **MISCHARACTERIZATION AS
    EXEMPT EMPLOYEE;**
6.  **FAILURE TO PAY COMPENSATION
    WHEN DUE;**
7.  **FAILURE TO PROVIDE PREMIUM PAY
    FOR MISSED MEAL BREAKS;**
8.  **FAILURE TO PROVIDE PREMIUM PAY
    FOR MISSED REST BREAKS;**
9.  **FAILURE TO PROVIDE ACCURATE
    AND DETAILED EARNING
    STATEMENT;**
10. **UNJUST ENRICHMENT;**
11. **UNFAIR AND UNLAWFUL BUSINESS
    PRACTICES;**
12. **NEGLIGENT INFLICTION OF
    EMOTIONAL DISTRESS**

**DEMAND FOR JURY TRIAL**

FIRST AMENDED COMPLAINT FOR WRONGFUL TERMINATION

Plaintiff complains and alleges as follows:

1.     At all times herein relevant, Plaintiff was a resident of the State of California, County of San Diego.

2.     Plaintiff is informed and believes that defendant, Landmark ("Landmark") is a corporation organized and existing under the laws of the State of California, authorized to do business in California and doing business in the County of San Diego.  Plaintiff is informed and believes that Landmark is an "employer" as defined by California Government Code, Sections 12926(d), 12940(a) and 12940(j)(4)(A).

3.     The true names and capacities of the defendants named herein as Does 1 through 10, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiff who therefore sues such defendants by fictitious names pursuant to California Code Civil Procedure Section 474.  Plaintiff is informed and believes that all of the Doe defendants are California residents.  Plaintiff will amend this Complaint to show such true names and capacities when they have been determined.

4.     Plaintiff is informed and believes, and thereby alleges that each of the defendants herein was at all times relevant hereto the agent, employee or representative of the remaining defendants and was acting at least in part, within the course and scope of such relationship in doing the things herein alleged.

5.     FEHA recognizes that business entities that are joint employers, integrated enterprises or alter egos are considered as a single employer.  Defendants make up a joint employment relationship, an integrated enterprise and/or are alter egos such that they are a single employer.  Defendants exhibit an interrelation of operations, centralized control, common management, and common financial control such that they are a joint employer, integrated enterprise and/or are alter egos.  Therefore, Plaintiff is informed and believes, and thereby alleges that each of the defendants was acting as a single or joint employer, and/or alter ego capacity such that they are liable for the acts of their agents and/or employees.

**BACKGROUND**

6.     Plaintiff was hired by Landmark on or about July 17, 2013.  Her titles at the time

FIRST AMENDED COMPLAINT FOR WRONGFUL TERMINATION

1    of hire were Finance Manager, Production Manager, Facilities Manager, Family Division

2    Manager and Seminar Manager.  At that time, Plaintiff was characterized as an exempt employee,

3    was paid a salary of approximately $31,900 per hour and was required to work a minimum of 62

4    hours per week.

5            7.      In September 2014, Plaintiff was promoted by Landmark to the position of

6    Registration Manager.

7            8.      During her tenure, Plaintiff's salary was increased, first to 32,900, then to $43,500

8    and then to approximately $50,000.  Plaintiff was required to report her vacation and sick time.

9            9.      At all times throughout Plaintiff's employment, Landmark characterized and

10   reported Plaintiff as an exempt employee pursuant to Industrial Welfare Commission

11   order No. 15-2001 and Labor Code, Section 515 et seq.

12           10.     Throughout her employment, Plaintiff worked a minimum of 62 hours per week.

13   She was required to submit a log of the hours she took for vacation and sick leave.

14           11.     Despite her various job titles, Plaintiff was not involved in the administration or

15   management of the company; she had no managerial, supervisory or directorial duties over any of

16   Landmark's employees and had no input concerning the job status of any of Landmark's

17   employees.

18           12.     Although Plaintiff was a non-exempt employee and, by law, should have been paid

19   as such, Landmark did not pay her any overtime wages for her work.

20           13.     Landmark intentionally classified Plaintiff as an "exempt" employee so that it

21   could pay her a salary instead of having to pay her hourly wages, including overtime wages.

22           14.     Throughout her employment with Landmark, Landmark gave Plaintiff excellent

23   performance reviews, praise, and commendations in recognition of her good performance.

24           15.     In or about May 2015, a man named Josh Palmer ("Palmer") began assisting at

25   Landmark.  Palmer's behavior was offensive, unprofessional and inappropriate towards Plaintiff

26   and other female employees and volunteers at Landmark.  Plaintiff later discovered that Palmer

27   had a criminal record about which he lied on the Landmark questionnaire.  On the occasions

28   when Plaintiff communicated her discomfort with Palmer to her supervisor, Tom Perkowitz

1   ("Perkowitz"), Perkowitz responded by calling Plaintiff names, such as "Drama Donna" and

2   "bitch."

3       16.    For months, Plaintiff advised Landmark's management of her stress and anxiety

4   about working with Palmer, but Landmark ignored her pleas and continued to ridicule, harass and

5   call her names, in front of other employees.

6       17.    On or about September 18, 2015, Palmer was removed as a volunteer at

7   Landmark.  Instead of leaving the premises, Palmer approached Plaintiff to ask why Landmark

8   was making him leave and then paced in front of the Landmark building for approximately 2

9   hours.  Landmark did nothing to protect Plaintiff, despite her communications of fear and stress

10   about the situation.

11       18.    Plaintiff's emotional health was immediately and severely affected by Palmer's

12   behavior, Landmark's failure to take action to protect her and Landmark's continued harassment

13   and derogatory treatment.  Although Plaintiff continued to perform her job duties, her

14   performance suffered as a result of the extreme stress and anxiety she experienced from working

15   at Landmark.

16       19.    Although Plaintiff communicated her fears, worries and need for a reduction in

17   hours to recover from her stress and anxiety, Landmark refused to accommodate her.  Instead,

18   Landmark's employees continued to harass her, telling her to "do [her] fucking job" and calling

19   her a "nasty bitch."

20       20.    On or about April 8, 2016, Plaintiff was advised that Palmer had killed a woman.

21       21.    Plaintiff's anxiety, stress, and fear continued to escalate and her job performance

22   continued to decline.  Perkowitz continued to embarrass and humiliate Plaintiff in front of other

23   employees and volunteers.

24       22.    On or about April 22, 2016, Plaintiff expressed upset and anger about her

25   treatment by Perkowitz, and asked to speak with Dan Rose ("Rose"), the Division Director for

26   Landmark's San Diego center or anyone else.  In response, Plaintiff was reprimanded by

27   Perkowitz and told her she should "just fucking go home."

28       23.    On or about April 25, 2016, Plaintiff sent an email to Perkowitz, again requesting a

meeting with Rose.

24.     On or about April 28, 2016, Plaintiff had a telephonic meeting with Rose, Melanie Riley, Landmark's Director of Human Resources, and Jayanti Chapot, also a member of Landmark's Human Resources department.  During this telephone conference, Plaintiff explained her fear and stress and requested that Landmark accommodate her, per her doctor's recommendations, by authorizing a temporary reduction in hours until she could regain her emotional health.  At this time, Plaintiff was regularly working 70-75 hours per week.

25.     Plaintiff's request for an accommodation in the form of a reduction in hours was denied by Landmark; Instead, Plaintiff was advised to go on total disability leave of absence with no guarantee that she could return to her job upon her return.  In effect, Plaintiff was given no choice but to continue working without any accommodation for her medical condition.

26.     Between April 28 and July 22, 2016, Plaintiff consulted with a medical doctor and a naturopathic doctor while continuing to perform her job duties under stress and duress, and while continuing to work Landmark's requisite 62 hours per week.  Plaintiff's doctors advised her to reduce her hours from 62 hours per week to 45 hours per week.  Again, Landmark ignored Plaintiff's requests for medical accommodation and was also told that she would be terminated if she worked less than 62 hours per week and/or if her job performance continued to suffer.

27.     Plaintiff continued to report her medical condition to Landmark and provided Landmark with supporting medical paperwork from her doctor(s).

28.     On various occasions, Perkowitz and/or Rose "coached" Plaintiff not to date, not to get pregnant and not to have a baby, upon threat of negative job performance and possible termination.  Perkowitz also commented to Plaintiff that she needed to lose weight and that certain articles of clothing did not look good on her.

29.     On or about July 2, 2016, Plaintiff was advised that a client of Landmark had committed suicide.  Despite Plaintiff's requests for professional trauma counseling, Landmark failed and refused to provide such counseling and instead insisted that Plaintiff and other affected Landmark employees counsel each other.

30.     In response to the notice of the client's suicide and lack of trauma counseling,

FIRST AMENDED COMPLAINT FOR WRONGFUL TERMINATION

Plaintiff's emotional health deteriorated to the point where she was unable to perform her job duties. Specifically, Plaintiff was subject to frequent bouts of crying, hyperventilation, sleeplessness, weight gain and panic attacks.

31.     Plaintiff advised Landmark of her stress and anxiety, and that she had been diagnosed with Post Traumatic Stress Disorder ("PTSD").

32.     Despite the suicide of a Landmark client, and despite Plaintiff's requests for medical accommodation, Landmark refused to accommodate Plaintiff and instead demanded that she continue to perform her job duties, without any accommodation or support. Plaintiff was told her only option was to take an unpaid leave of absence. In effect, Landmark ignored Plaintiff's complaints, concerns and requests for accommodation, thereby constructively terminating her position.

33.     On or about July 25, 2016, Plaintiff was put on medical leave. Plaintiff's medical leave was extended several times.

34.     On March 22, 2017, Landmark's Human Resource Manager, Melanie Riley, recommended that Plaintiff terminate her employment.

35.     Between March 2017 and June 2017, while still on medical leave, Plaintiff spoke frequently with Ms. Riley during which times Plaintiff shared her complaints and concerns. Ms. Riley was not responsive to Plaintiff's needs or requests and did nothing to accommodate her.

36.     On or about June 20, 2017, at the behest of her doctor, and because Landmark refused to accommodate her medical condition, Plaintiff was forced to terminate her employment at Landmark.

37.     Plaintiff's constructive termination was based upon Landmark desire to avoid having to provide Plaintiff with medical leave and reasonable accommodations as required by California law.

38.     Plaintiff's termination violated California public policy as expressed in California Health and Safety Code §1278.5, Government Code §12940 (g) and Labor Code §1102.5.

///

///

1    ///

2

3                          **FIRST CAUSE OF ACTION**

4        **DISABILITY DISCRIMINATION – FAILURE TO MAKE REASONABLE**

5        **ACCOMMODATION IN VIOLATION OF FEHA (GOVT. CODE, §12940(n))**

6                              (Against All Defendants)

7        39.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38

8    above and incorporates the same herein by reference as though set forth in full.

9        40.    At all times herein mentioned, there was an employer/employee relationship

10   between Plaintiff and defendant.

11       41.    Plaintiff was at all times material hereto an employee covered by California

12   Government Code §12940 et seq. which prohibits discrimination in employment on the basis of

13   disabilities and which requires employers to "engage in a timely, good faith, interactive process"

14   with Plaintiff to accommodate her physical disability.

15       42.    Defendant was at all times material hereto an employer within the meaning of the

16   California Government Code and, as such, barred from discriminating on the basis of medical

17   disabilities, as set forth in Govt. Code §12940.

18       43.    Plaintiff is an individual who had a medical disability at the time of her

19   employment.

20       44.    Plaintiff requested defendant to provide a reasonable accommodation for her

21   disability.

22       45.    Defendant was given notice of and knew of Plaintiff's disability.

23       46.    Defendant did not provide Plaintiff with a reasonable accommodation for her

24   medical disability.

25       47.    As a proximate result of defendant's discrimination against Plaintiff, Plaintiff has

26   suffered and continues to suffer substantial losses in earnings and other employment benefits and

27   has suffered and continues to suffer embarrassment, humiliation and mental anguish, all to her

28   damage in an amount according to proof.

48.     Defendant did the acts herein alleged maliciously, fraudulently and oppressively, amounting to despicable conduct and in conscious disregard of Plaintiff's rights.  The acts allege herein were known to, authorized and ratified by defendant.  Plaintiff is thus entitled to recover punitive damages from defendants, and each of them, in an amount according to proof.

49.     As a result of defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by California Government Code section 12965(b).

50.     Plaintiff filed timely charges of discrimination with the DFEH and received a Notice of Case Closure informing her of her right to sue.  Therefore, Plaintiff has exhausted all of her administrative remedies.  (See Exhibit "A" hereto).

## SECOND CAUSE OF ACTION

## DISABILITY DISCRIMINATION – FAILURE TO

## ENGAGE IN THE INTERACTIVE PROCESS IN

## VIOLATION OF FEHA (GOVT. CODE, § 12940(n)

(Against All Defendants)

51.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 50, above and incorporates the same herein by reference as though set forth in full.

52.     Plaintiff was at all times material hereto an employee covered by California Government Code §12940 et seq. which prohibits discrimination in employment on the basis of disabilities

53.     Defendants were at all times material hereto an employer within the meaning of the California Government Code and, as such, barred from discriminating on the basis of disabilities as set forth in Govt. Code §12940.

54.     Plaintiff is an individual who had a medical disability at the time of her employment.

55.     Plaintiff requested defendant to provide a reasonable accommodation for her disability.

56.     Defendant knew of Plaintiff's disability because Plaintiff made her disability

8

known to defendant.

57.     Plaintiff in good faith requested that defendants engage in the interactive process to determine an effective reasonable accommodation for her disability.

58.     As a proximate result of defendant's discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

59.     Defendants did the acts herein alleged maliciously, fraudulently and oppressively, amounting to despicable conduct and in conscious disregard of Plaintiff's rights.  The acts alleged herein were known to, authorized and ratified by defendants.  Plaintiff is thus entitled to recover punitive damages from defendants, and each of them, in an amount according to proof.

60.     As a result of defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by California Government Code section 12965, subsection (b).

61.     Plaintiff filed timely charges of discrimination with the DFEH and received a Notice of Case Closure informing her of her right to sue.  Therefore, Plaintiff has exhausted all of her administrative remedies.  (See Exhibit "A" hereto).

### THIRD CAUSE OF ACTION

### CONSTRUCTIVE WRONGFUL TERMINATION IN VIOLATION OF FEHA

(Against All Defendants)

62.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 61, above and incorporates the same herein by reference as though set forth in full.

63.     At all times during her employment with defendants, Plaintiff performed her duties with the utmost diligence and competence.

64.     Plaintiff is informed and believes and thereon alleges that defendant's refusal to reasonably accommodate Plaintiff's medical disability, and desire to cheat her out of her legally earned wages created working conditions so intolerable that Plaintiff had no alternative but to resign.

65.     Defendants' refusal to reasonably accommodate Plaintiff's medical disability, and desire to cheat her out of her legally earned wages amounts to a constructive discharge and termination of Plaintiff's employment in violation of Government Code § 12940 et seq. which mandates that employees be free from harassment and discrimination in the workplace and that employees who oppose such conduct be free from retaliation, intimidation and adverse employment actions.

66.     Plaintiff has exhausted her administrative remedies by timely filing charges of discrimination with the DFEH.  The DFEH has issued to Plaintiff right to sue letters permitting her to file a private lawsuit against Defendants.  (Exhibit A hereto).

67.     As a direct and proximate result of the acts of defendants, Plaintiff suffered and continues to suffer severe emotional distress as a result of defendant's discrimination, failure to accommodate and desire to cheat her out of wages lawfully earned. Plaintiff seeks general damages for her severe emotional distress and other consequential damages in an amount not less than an amount within the jurisdiction of this court, the exact amount to be proven at trial.

68.     In addition, pursuant to Government Code Section 12965(b), Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit.

69.     Because the wrongful acts against Plaintiff were carried out, authorized or ratified by defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, she seeks punitive damages against defendants, in order to deter them from such and similar conduct in the future.

**FOURTH CAUSE OF ACTION**

**CONSTRUCTIVE WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

(Against All Defendants)

70.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 69, above and incorporates the same herein by reference as though set forth in full.

71.      At all times during her employment with defendants, Plaintiff performed her duties with the utmost diligence and competence.

72.     Plaintiff is informed and believes and thereon alleges that defendant's refusal to reasonably accommodate Plaintiff's medical disability, and desire to cheat her out of her legally earned wages created working conditions so intolerable that Plaintiff had no alternative but to resign.

73.     Defendants' refusal to reasonably accommodate Plaintiff's medical disability, and desire to cheat her out of her legally earned wages amounts to a constructive discharge and termination of Plaintiff's employment in violation of Government Code § 12940 et seq. which mandates that employees be free from harassment and discrimination in the workplace and that employees who oppose such conduct be free from retaliation, intimidation and adverse employment actions.

74.     Defendants' refusal to accommodate Plaintiff's medical disability and desire to cheat her out of her legally earned wages, as alleged hereinabove, violates the fundamental public policies of the State of California, as set forth in Government Code § 12940 et seq., which mandates that employees be free from harassment and discrimination in the workplace and that employees who oppose such conduct be free from retaliation, intimidation and adverse employment actions.

75.     Plaintiff has exhausted her administrative remedies by timely filing charges of discrimination with the DFEH. The DFEH has issued to Plaintiff right to sue letters permitting her to file a private lawsuit against Defendants.  (Exhibit A hereto).

76.     As a direct and proximate result of the acts of defendants, Plaintiff suffered and continues to suffer severe emotional distress stemming from the harassment, discrimination, and retaliation. Plaintiff seeks general damages for her severe emotional distress and other consequential damages in an amount not less than an amount within the jurisdiction of this court, the exact amount to be proven at trial.

77.     In addition, pursuant to Government Code Section 12965(b), Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit.

78.     Because the wrongful acts against Plaintiff were carried out, authorized or ratified by defendants' directors, officers and/or managing agents, acting with malice, oppression or

fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, she seeks punitive damages against defendants, in order to deter them from such and similar conduct in the future.

### FIFTH CAUSE OF ACTION

### MISCHARACTERIZATION AS EXEMPT EMPLOYEE

(Against All Defendants)

79.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 78, above and incorporates the same herein by reference as though set forth in full.

80.     California Labor Code, Sections 510, 515 and 1194 establish minimum wage, overtime pay, and recordkeeping standards for employers of covered, non-exempt employees. Pursuant to California Labor Code, Sections 510, 515 and 1194, employers in California are required to pay non-exempt employees a minimum wage for each hour they work, plus overtime pay at the rate of one and one half times their regular pay for hours worked in excess of 40 hours and double-time pay for hours worked in excess of 12 in a workday or worked in excess of 8 hours on the seventh consecutive day worked in any workweek.

81.     Employers who willfully or repeatedly violate the minimum wage or overtime pay requirements are subject to civil money penalties of up to $1,100 per violation.

82.     Defendant is subject to the requirements of California Labor Code, Sections 510, 515 and 1194.

83.     Defendant willfully violated California Labor Code, Sections 510, 515 and 1194 by intentionally, knowingly and improperly classifying Plaintiff as exempt from California's overtime wage laws, creating false and deceptive time records, all with the intention and purpose of depriving Plaintiff of due compensation earned for the excessive hours she was required to work for Defendant.

84.     Defendant's violation of California Labor Code, Sections 510, 515 and 1194 render it liable to Plaintiff for all unpaid minimum wages, unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and any further legal and equitable relief as may be appropriate to effectuate the purposes of California Labor Code, Sections 510, 515 and 1194.

**<u>SIXTH CAUSE OF ACTION</u>**

**FAILURE TO PAY COMPENSATION DUE**

**IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194**

(Against All Defendants)

85.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 84, above and incorporates the same herein by reference as though set forth in full.

86.     Plaintiff was entitled to be paid for all hours worked, including, but not limited to, regular pay and overtime pay, at either one and one half (1 ½) times her regular rate of pay or two (2) times her regular rate of pay as required by Labor Code §510 and the applicable wage order(s) of the Industrial Welfare Commission.

87.     Plaintiff was not an exempt employee as described by the requirements in the Employment Laws and Regulations.

88.     Defendant failed to pay Plaintiff all regular pay and overtime compensation to which she was entitled.

89.     Plaintiff is entitled to recover from Defendants all of such unpaid regular pay and overtime compensation and premium pay, with pre-judgment interest, and reasonable attorneys' fees, and costs of suit pursuant to Labor Code §1194.

**<u>SEVENTH CAUSE OF ACTION</u>**

**FAILURE TO PROVIDE PREMIUM PAY FOR MISSED MEAL BREAKS**

**VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512**

(Against All Defendants)

90.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 89, above and incorporates the same herein by reference as though set forth in full.

81.     Plaintiff was entitled to a statutorily mandated meal break of thirty (30) minutes, uninterrupted, for every five (5) hours worked pursuant to Labor Code §512 (a) and the applicable wage order(s) of the Industrial Commission.

82.     Plaintiff was not an exempt employee as described in the requirements of the Employment Laws and Regulations.

83.     On each day of Plaintiff's employment with Defendants, Defendants failed to provide her with statutorily mandated meal breaks to which she was entitled.

84.     Plaintiff is entitled to recover from Defendants one (1) hour pay at the regular rate for each required meal break not provided by Defendants on each of the above noted days that Plaintiff was actively employed by the Defendants, together with pre-judgment interest and reasonable attorneys' fees and costs of suit pursuant to Labor Code §218.5.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PROVIDE PREMIUM PAY FOR ALL MISSED REST BREAKS
## VIOLATION OF LABOR CODE §226.7 AND WAGE ORDER LAWS

(Against All Defendants)

85.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 84, above and incorporates the same herein by reference as though set forth in full.

86.     During each day Plaintiff was actively employed by Defendant, Plaintiff was entitled to a statutorily mandated rest break of ten (10) minutes for each four (4) hours worked pursuant to the applicable wage order(s) of the Industrial Welfare Commission.

87.     Plaintiff was not an exempt employee as described in the requirements of the Employment Laws and Regulations.

88.     On each day of Plaintiff's employment with Defendants, Defendants failed to provide premium pay for all the missed rest breaks to which Plaintiff was entitled.

89.     Plaintiff is entitled to recover from Defendants one (1) hour pay at the regular rate for each required paid rest break not provided by Defendants on days when Plaintiff was actively employed by Defendants, together with prejudgment interest, reasonable attorneys' fees, and costs of suit pursuant to Labor Code §218.5

## NINTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE EARNINGS STATEMENT
## IN VIOLATION OF LABOR CODE §226

(Against All Defendants)

90.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 89, above and incorporates the same herein by reference as though set forth in full.

91.     Plaintiff was not an exempt employee as described in the requirements of California's employment laws and regulations.

92.     During Plaintiff's employment with Defendants, Defendants failed to provide Plaintiff with accurate wage and hour statements showing her gross wages earned, the correct number of hours worked, her net wages earned, all applicable hour rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by the Plaintiff.

93.     Specifically, Defendant misstated the number of hours worked by Plaintiff, stating that she had worked only 60 hours in a two week period, when in fact she had worked in excess of 120 hours in such two week periods.

94.     By mischaracterizing Plaintiff as an exempt employee and by failing to provide her with an accurate statement of her wages and hours, Defendant misled Plaintiff to believe that she could be paid as an exempt, salaried employee instead of a covered, hourly employee, and further misled her as to her correct hourly wages, the number of hours she worked and the amount of pay to which she was entitled to receive.

95.     Based on Defendants' conduct, Defendants are liable for damages and statutory penalties pursuant to California Labor Code §226(e), and other applicable provisions of the Employment Laws and Regulations.

96.     Failure to provide proper itemized statements resulted in injury to Plaintiff because Plaintiff was not properly paid for overtime work to which he was entitled, and Plaintiff has suffered increased difficulty in challenging the overtime rate and the amount not paid by the Defendant.

97.     Failure to provide itemized statements also resulted in damages in the form of lost Social Security and a miscalculation of Plaintiff's taxes.

98.     In committing the foregoing acts, Defendant is guilty of oppression, fraud or malice, and, in addition to the actual damages caused, Plaintiff is entitled to recover punitive damages.

99.     Pursuant to Labor Code §226(e), Plaintiff is entitled to recover the greater of all actual damages or $50.00 for the initial pay period in which the violation occurred and $100.00 for each violation in a subsequent pay period, not exceeding an aggregate penalty of $ $5,800,, and is entitled to an award of costs and reasonable attorneys' fees.

///

///

///

**TENTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

(Against All Defendants)

100.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 99, above and incorporates the same herein by reference as though set forth in full.

101.     Between September 2013 and June 30, 2017, Plaintiff worked for Defendant by providing her time, hours, services, skills, labor, and effort to Defendant.

102.     At no time during her employment with Defendant was Plaintiff an exempt employee as described by the requirements of California's employment laws and regulations.

103.     By mischaracterizing Plaintiff's status as an exempt employee, Defendant intentionally failed to pay Plaintiff for all of her time at the legal minimum rate, as well as her overtime rate, which wages were earned and due to her.  As a result, Defendant has been unjustly enriched at Plaintiff's expense and has benefited by being able to run its business without having to pay for all services provided to it by Plaintiff.

104.     As a direct result of Defendants' unjust enrichment, Plaintiff has suffered damages in an amount to be proven at trial but believed to be in excess of $100,000.

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.**

(Against All Defendants)

105.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 104, above and incorporates the same herein by reference as though set forth in full.

FIRST AMENDED COMPLAINT FOR WRONGFUL TERMINATION

106.    Defendants' acts and omissions as described herein violate California Labor Code §§204, 226.7, 510, 512, and 2810.5 which mandate that every employer pay the minimum wage, pay for overtime wages, and provide premium pay for missed meal and rest breaks in a timely fashion where appropriate.

107.    Plaintiff brings this action under the provisions of the Business & Professions Code §17200 et seq.  Among the persons adversely affected by the unfair business practices of Defendants as alleged herein are all Defendants' employees who did not receive the lawful wages or premium pay to which they were entitled, as well as those who were not furnished with employment records.

108.    An action pursuant to Business & Professions Code §17200 et seq. is appropriate and necessary because Defendants did not pay their employees timely earned wages, overtime wages, or provide meal or rest periods as a general business practice contrary to the law of the State of California.

109.    Business and Professions §17200 et seq. defines unfair competition to include any "unfair," "unlawful," or "deceptive" business practice.  It provides for injunctive and restitutionary relief for violations.  Defendants' knowing and repeated violations of the Federal and State labor laws constitute unfair, unlawful, and deceptive business practices.

110.    As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff has been damaged in the amount of the sum of all unpaid wages, unpaid overtime wages, and premium wages equal to (1) hour for each day she missed meal or rest periods to which he was entitled.  Under the §§ 17200 and 17203, Plaintiff is entitled to restitution of all such wages wrongfully withheld by Defendants, together with interest thereon.

111.    Under Business & Professions Code §17203, Plaintiff seeks, on her own behalf and on behalf of the People of the State of California, an order enjoining Defendant from continuing its aforesaid unlawful practices.  Injunctive relief is appropriate to avoid a multiplicity of suits for continuing violations of Business & Professions Code §17200 et seq.

## TWELFTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

112.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 111, above and incorporates the same herein by reference as though set forth in full.

113.   The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was negligent and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.  Defendants' conduct, in confirming and ratifying the complained of conduct, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase and was done with a wanton and reckless disregard of the consequences to Plaintiff.

114.   As a proximate result of defendants negligent infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health.  As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

115.   Defendants, and each of them, having engaged in the conduct hereinabove alleged, acted oppressively and with reckless disregard of Plaintiff's rights and safety.

116.   In addition, defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

## DAMAGES

117.   As a legal result of defendants' conduct of which Plaintiff complains, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

118.   Plaintiff has suffered emotional distress as a legal result of the conduct by defendants of which Plaintiff complains.  Plaintiff suffered mental distress, suffering and anguish as a legal result of defendants' outrageous conduct, reacting to her discharge with

humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

130.    At all material times, defendants, and each of them, knew that Plaintiff depended on her wages and other employee benefits as a source of earned income. At all material times, defendants were in a position of power over Plaintiff, with the potential to abuse that power. Plaintiff was in a vulnerable position because of her relative lack of power, because of her reliance on defendants' assurances and forbearance of the possibility of becoming employed elsewhere, because she had placed her trust in defendants, because she depended on her employment for her self esteem and sense of belonging, because she relied upon her employment as a source of income for her support, because a wrongful termination of Plaintiff's employment would likely harm Plaintiff's ability to find other employment, and because of the great disparity in bargaining power between Plaintiff and her employer.  Defendants were aware of Plaintiff's vulnerability and the reasons for it.

131.    Notwithstanding such knowledge, defendants, and each of them, acted oppressively, and in disregard of Plaintiff's rights, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to Plaintiff.

132.    Further, defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

133.    The foregoing conduct of defendants, and each of them, was intentional, willful and malicious and Plaintiff is entitled to punitive damages in an amount to conform to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1.    For compensatory economic damages for regular time wages, overtime wages, meal period wages, rest period wages, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.    Restitution of all unpaid wages and other monies owed and belonging to Plaintiff

1    that Defendant unlawfully withheld from her and retained for itself;

2         3.        Liquidated damages and all other applicable statutory penalties;

3         4.        Unpaid continuation wages owed for failing to timely pay all wages earned in an

4    amount to be proven at trial or through default;

5         5.        Civil Penalties as set forth herein or in an amount to be proven at trial or through

6    default;

7         6.        For compensatory non-economic damages for losses resulting from humiliation,

8    mental anguish and emotional distress, according to proof;

9         7.        For an award of punitive damages, according to proof;

10        8.        For attorneys' fees and costs pursuant to statute;

11        9.        For costs of suit;

12        10.       For prejudgment interest under Civil Code § 3288 and Code of Civil Procedure §

13   998, and any other applicable statutory, or contractual basis;

14        11.       For post-judgment interest;

15        12.       An Order enjoining Defendants from continuing its unlawful practices; and,

16        13.       For any other relief that is just and proper.

17

18   DATED:  April 11, 2018                     LAW OFFICE OF PATRICIA M. BAKST

19

20                                             By:_____

21                                                Patricia M. Bakst, Esq., Attorney for
                                                  Plaintiff, Donna Jackson
22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR WRONGFUL TERMINATION

**DEMAND FOR JURY**

Pursuant to CCP, Section 631, Plaintiff, Donna Jackson hereby demands a jury trial on all issues and/or claims for which a jury trial is permitted.

DATED:  April 11, 2018                               LAW OFFICE OF PATRICIA M. BAKST

By:_____
                                                              Patricia M. Bakst, Esq., Attorney for
                                                              Plaintiff, Donna Jackson

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.
                                                                                                                    DIRECTOR KEVIN KISH

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

February 9, 2018

Patricia Bakst
11301 West Olympic Blvd., Suite 467
Los Angeles, California 90064

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 201802-01151409
      Right to Sue: Jackson / Landmark Worldwide

Dear Patricia Bakst:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                          GOVERNOR EDMUND G. BROWN JR.
                                                                                                                                                                    DIRECTOR KEVIN KISH

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

February 9, 2018

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 201802-01151409
      Right to Sue: Jackson / Landmark Worldwide

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
                                                                                                      DIRECTOR KEVIN KISH

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

February 9, 2018

Donna Jackson
3667 Cactusridge Court
san diego, California 92105

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 201802-01151409
       Right to Sue: Jackson / Landmark Worldwide

Dear Donna Jackson,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 9, 2018 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Donna Jackson                                    DFEH No. 201802-01151409

                              Complainant,

vs.

Landmark Worldwide
7340 Miramar Road suite 207
san diego, California 92126

                              Respondent.

_____

1. Respondent **Landmark Worldwide**  is an **employer** subject to suit under the
California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Donna Jackson**, resides in the City of **san diego** State of
**California.**

3. Complainant alleges that on or about **June 20, 2017**, respondent took the
following adverse actions:

**Complainant was discriminated against** because of complainant's family care or
medical leave (cfra) and as a result of the discrimination was terminated, forced to
quit, denied reasonable accommodation for a disability.

**Additional Complaint Details:** Complainant was subject to medical disability
discrimination and wage misclassification.

-1-
*Complaint – DFEH No. 201802-01151409*

Date Filed: February 9, 2018

VERIFICATION

I, , am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.   The matters alleged are based on information and belief, which I believe to be true.

On February 9, 2018, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-2-

*Complaint – DFEH No. 201802-01151409*

Date Filed: February 9, 2018

## PROOF OF SERVICE

STATE OF California, COUNTY OF Los Angeles

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11301 W. Olympic Blvd, Suite 467 Los Angeles, California, 90064.

On April 11, 2018, I served the foregoing document(s) described as **FIRST AMENDED COMPLAINT FOR: (1) DISABILITY DISCRIMINATION – FAILURE TO MAKE REASONABLE ACCOMMODATION (Medical Disability); (2) DISABILITY DISCRIMINATION – FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (Medical Disability); (3) CONSTRUCTIVE WRONGFUL TERMINATION IN VIOLATION OF FEHA; (4) CONSTRUCTIVE Wrongful termination in VIOLATION OF PUBLIC POLICY; (5) MISCHARACTERIZATION AS EXEMPT EMPLOYEE; (6) FAILURE TO PAY COMPENSATION WHEN DUE; (7) FAILURE TO PROVIDE PREMIUM PAY FOR MISSED MEAL BREAKS; (8) FAILURE TO PROVIDE PREMIUM PAY FOR MISSED REST BREAKS; (9) FAILURE TO PROVIDE ACCURATE AND DETAILED EARNING STATEMENT; (10) UNJUST ENRICHMENT; (11) UNFAIR AND UNLAWFUL BUSINESS PRACTICES; and (12) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** on the interested parties in this action addressed as follows:

Kristin J. Nesbit, Esq.
Aymara Ledezma, Esq.
Fisher Phillips
444 South Flower Street, suite 1500
Los Angeles, CA 90071
knesbit@fisherphillips.com
aledezma@fisherphillips.com

☐  BY PERSONAL SERVICE (CCP §1011):  I delivered such envelope(s) by hand to the addressee(s) as stated above.

☐  BY MAIL (CCP §1013(a)&(b)):  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 10351 Cresta Drive, Los Angeles, California  in the ordinary course of business.

☐  BY Overnight Delivery  (CCP §1013(c)&(d)):  I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery.  Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 10801 National Boulevard, Fourth Floor, Los Angeles, California, in the ordinary course of business.

☒  BY ELECTRONIC FILING:  I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, all parties to this case have been served electronically.

I declare that I am a member of the Bar of, and permitted to practice before, this Court and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 11, 2018, at Los Angeles, California.

/s/ Trish Bakst